# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CARIM CRUZ,<br><br>Petitioner<br><br>v.<br><br>WILLIAM HUTCHING, et al.,<br><br>Respondents. | Case No.: 2:21-cv-02118-GMN-DJA<br><br>**Order Denying Motion to Dismiss in Part**<br><br>(ECF No. 21) |

In his 28 U.S.C. § 2254 first-amended habeas corpus petition, Carim Cruz challenges his conviction by jury of murder with use of a deadly weapon and 8 other charges, including attempted murder and assault and battery with a deadly weapon. (ECF No. 18.) He alleges that his trial and appellate counsel rendered ineffective assistance in numerous ways. (*Id*.) Respondents have moved to dismiss most of the grounds in the petition. (ECF No. 21.) Because the court declines to dismiss several claims as noncognizable, unexhausted or conclusory and defers a decision on whether two claims are procedurally defaulted, the motion is denied in part.

## I. Background

In July 2016, a Nevada (Clark County) jury convicted Cruz of one count each of first-degree murder with use of a deadly weapon and battery with use of a deadly weapon,

two counts of attempted murder with use of a deadly weapon, four counts of assault with a deadly weapon, and two counts of discharge of a firearm from or within a structure or vehicle. (Exh. 61.)[1]  Cruz was convicted of firing into a crowd with a semi-automatic handgun from the driver's seat of his vehicle, killing one woman and injuring a second. He was sentenced to an aggregate total sentence of 38 years to life. (Exh. 73.) The Nevada Supreme Court affirmed his convictions in September 2018, and the Nevada Court of Appeals affirmed the denial of his state postconviction petition in November 2021. (Exhs. 105, 156.)

Cruz dispatched his federal petition for mailing about November 18, 2021. (ECF No. 7.)  This court granted Cruz's motion for appointment of counsel and Cruz filed an amended petition through his counsel, the Federal Public Defender. (ECF Nos. 6, 18.)

The amended petition sets forth eight grounds that trial and appellate counsel were ineffective in violation of Cruz's Fifth, Sixth, and Fourteenth Amendment rights. He alleges:

> <u>Ground One</u>: Trial counsel pursued the objectively unreasonable defense of misidentification. Counsel could have instead pointed to evidence that negated the deliberation element of first-degree murder and/or established the elements of voluntary manslaughter.
>
> <u>Ground Two</u>: Trial counsel failed to conduct a pretrial investigation that would have uncovered prejudicial photographs and failed to object to the introduction of the photographs.
>
> <u>Ground Three</u>: Trial counsel failed to properly object to Sherilyn Moreira's testimony that Cruz possessed a gun in a briefcase on some unknown date.
>
> <u>Ground Four</u>: Trial counsel failed to object to bad act evidence offered by Eric Flores.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 21, and are found at ECF Nos. 22-24, 26.

<u>Ground Five</u>: Trial counsel did not object to jury instruction no. 28.

<u>Ground Six</u>: Trial counsel was ineffective regarding the plea proceedings.

<u>Ground Seven</u>: The cumulative trial errors violated Cruz's Fifth, Sixth, and Fourteenth Amendment rights.

<u>Ground Eight</u>: Appellate counsel failed to argue that the trial court should have instructed the jury that the court would sentence Cruz on the deadly weapon enhancement.

(ECF No. 18 at 8-26.)

Respondents now move to dismiss most grounds in the petition as conclusory, noncognizable, unexhausted and/or procedurally barred. (ECF No. 21.) Cruz opposed, and respondents replied. (ECF No. 31, 34.)

**II. Legal Standards**

**a. Cognizability**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws").

**b. Exhaustion**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state

courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

    A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal

constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**c. Procedural Default**

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually

innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488.  For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, the Supreme Court ruled that ineffective assistance of postconviction counsel may serve as cause with respect to a claim of ineffective assistance of trial counsel. 566 U.S. 1 (2012).  The *Martinez* Court stated: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (regarding the showing necessary to overcome a procedural default under *Martinez*).

### d. Conclusory Claims

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A "petitioner is required to allege facts with sufficient specificity to support his claim for relief." *Wacht v. Cardwell*, 604 F.2d 1245, 1246 (9th Cir. 1979). In pleading a claim of ineffective assistance of counsel, a petitioner needs to show that his counsel's performance was constitutionally deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668 (1984). The court must "construe *pro se* habeas filings liberally." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). However, the court cannot grant relief based on conclusory allegations that are not supported by specific facts. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

### III. Analysis

#### a. The court declines to dismiss ground 7 as noncognizable or unexhausted

Respondents first argue that ground 7, a claim of cumulative error of trial counsel, is not cognizable, citing to cases from several other circuits. (ECF No. 21 at 4-6.) But the Ninth Circuit Court of Appeals has held that "the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal. *Parle*

*v. Runnels*, 505 F.3d 922, 928 (2007) quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 1974); *Chambers v. Mississippi*, 410 U.S. 289, 290 n. 3, 298, 302–03 (1973). *See also Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002) ("[E]ven if no single error were prejudicial, where there are several substantial errors, 'their cumulative effect may nevertheless be so prejudicial as to require reversal.'") (quoting *United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir. 1996)).  Thus a cumulative error claim may implicate due process, and therefore, the court declines to dismiss the claim of cumulative error as noncognizable. Respondents also argue that part of ground 2 is unexhausted, and therefore, ground 7 is unexhausted. The court disagrees; a cumulative error claim would be exhausted to the extent that the underlying individual claims of error are exhausted.

### b. The court defers a decision on whether grounds 1 and 6 are procedurally defaulted to the merits adjudication

Respondents argue that grounds 1, 2(i) and 6—claims of ineffective assistance of trial counsel—are unexhausted.[2] First, Cruz presented ground 2(i) to the state appellate court on appeal from the denial of his state postconviction petition. (Exh. 151 at 52-53; Exh. 156 at 6.) Ground 2(i) is, therefore, exhausted. Next, Cruz concedes that grounds 1 and 6 were not presented to state courts. (ECF No. 31 at 8-11.) He contends that they are technically exhausted and also procedurally defaulted because the state

---

[2] The way that the petition labels the subparts of ground 2 is confusing. (*See* ECF No. 18 at 13-18.) Respondents did not help matters by dividing ground 2 into subparts that differ from the petition. (*See* ECF No. 21 at 3.)  As Cruz clarifies in his opposition to the motion to dismiss, ground 2 is most clearly set forth as follows: trial counsel was ineffective for failing to conduct an adequate investigation that would have uncovered prejudicial photographs (i), and trial counsel was ineffective for failing to properly object to the admission of the photographs as impermissible extrinsic evidence related to a collateral matter (2(ii)(a)) and as impermissible prior bad acts evidence (2(ii)(b)). (ECF No. 31 at 13.)  This is the way the court will refer to ground 2.

courts would not consider the claims due to the state procedural bars. *See Woodford v. Ngo*, 548 U.S. 81 (2002) (state court remedies are "exhausted" when they are "no longer available, regardless of the reason for their unavailability").

Cruz insists he can overcome the default of these claims under *Martinez*. To establish cause under *Martinez*, a petitioner needs to show "that he had no counsel during his state collateral review proceeding or that his counsel during that proceeding was ineffective under the standards of *Strickland v. Washington*." *Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019); *see also Martinez*, 566 U.S. at 14. Cruz also needs to establish prejudice. He can satisfy the prejudice standard by showing his defaulted claims are "substantial," for example, that they have "some merit." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013).

Ground 1 is the claim that trial counsel ineffectively presented a defense of misidentification instead of a defense that his actions rose only to voluntary manslaughter. In ground 6 Cruz claims that trial counsel was ineffective regarding plea proceedings because he told Cruz the most serious crime he could be convicted of at trial was second-degree murder (he was found guilty of first-degree murder). Cruz argues that postconviction counsel was ineffective for failing to raise these claims and that the claims are substantial. (ECF No. 31 at 9-11.) Respondents disagree that these claims are substantial. They also argue that Cruz failed to develop factual basis for ground 6 in state court. The court concludes that because the question of procedural default is intertwined with the underlying merits of the claims, full merits briefing may assist the court with its determinations, and bests serves judicial efficiency. A decision on whether grounds 1 and 6 are procedurally defaulted from federal review is deferred.

### c. The court disagrees that grounds 2-7 should be dismissed as conclusory

Respondents insist that grounds 2, 3, 4, 5, 6, and 7 are subject to dismissal as conclusory. (ECF No. 21 at 10-13.) Mainly respondents argue that these claims are all vague and that Cruz fails to make a prejudice-prong argument for these claims. The court has reviewed the allegations in each of these claims and concludes that they are not "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks*, 908 F.2d at 491 (9th Cir. 1990); *see* ECF No. 18 at 13-24.  Further, Cruz does argue that trial counsel's ineffectiveness as set forth in these claims prejudiced him. (*See* ECF No. 18 at 13-24.)  The court declines to dismiss grounds 2, 3, 4, 5, 6, and 7 as conclusory.

## IV. Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **(ECF No. 21) is DENIED in part** as follows:

Ground 2(i) is exhausted;

Ground 7 is exhausted and cognizable on federal habeas review;

Grounds 2, 3, 4, 5, 6, and 7 are not conclusory;

A decision on whether grounds 1 and 6 are procedurally defaulted is deferred to the merits adjudication.

IT IS FURTHER ORDERED that respondents have **45 days** from the date of this order to file an answer to the petition.  The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

IT IS FURTHER ORDERED that petitioner will have **45 days** following service of respondents' answer in which to file a reply.

DATED: 7 August 2023.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE